**Paul RAGSDALE, Petitioner,**

v.

**PROGRESSIVE VOTERS LEAGUE, Respondent.**

No. D–0171.

Supreme Court of Texas.

Dec. 31, 1990.

Jerry Lee Hughes, John E. Collins, Dallas, for petitioner.

Donald W. Hicks, Sr., Dallas, for respondent.

PER CURIAM.

Paul Ragsdale sued the Dallas County Democratic Progressive Voters League for violations of the Election Code.[1] He was granted injunctive relief, but was denied damages and attorney's fees. 743 S.W.2d 338. On remand the trial court awarded damages of $1 and $150 for attorney's fees. Ragsdale again appealed and the court of appeals reformed the judgment holding that the statutory penalty of twice the amount that the committee had illegally spent on the rival candidate is required; and, holding an abuse of discretion, severed the attorney's fees portion remanding that issue for a new trial. 790 S.W.2d 77. We affirm the judgment of the court of appeals regarding the damages issue, but reverse and render judgment for Ragsdale awarding the amount of attorney's fees that evidence at trial showed to be reasonable and uncontroverted in the amount of $22,500.

Paul Ragsdale was seeking reelection as state representative from Dallas County District 110. The PVL was organized in 1936 as an educational purpose group. The group had evolved to the point that it sponsored activities that promoted awareness of issues affecting minorities. Although the PVL had previously endorsed Paul Ragsdale, it was active in the primary election in 1986 supporting an opponent. Ragsdale investigated the PVL's campaign activities and discovered that the campaign treasurer had not been designated as required by the Election Code. Ragsdale filed suit seeking an injunction and damages. This decision today is subsequent to two trials and their attendant appeals.

■ The court of appeals has correctly awarded the statutory penalty for the violations of the Election Code. The Code also authorizes an award of reasonable attorney's fees.[2] Uncontroverted evidence was presented at trial that the attorney's fees for this cause of action, which began with a temporary injunction in April 1986, totaled $22,500. In awarding attorney's fees the trial court, as the trier of fact, must take into account various factors such as: the nature and complexity of the case; the nature of the services provided by counsel; the time required for trial; the amount of money involved; the client's interest that is at stake; the responsibility imposed upon counsel; and the skill and expertise required. *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155 (1945) (time required); *Vaughn v. Gunter*, 458 S.W.2d 523 (Tex.Civ.App.—Dallas), *aff'd*, 461 S.W.2d 599 (Tex.1970) (client's interest and money involved); *Weatherly v. Longoria*, 292 S.W.2d 139 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.) (skill required). *Accord Tuthill v. Southwestern Public Service Co.*, 614 S.W.2d 205 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). Ordinarily, the allowance of attorney's fees rests with the sound discretion of the trial court and will not be reversed without a showing of abuse of that discretion.

---

1. The suit was filed under sections 251.002(f)(2), 251.002(g) and 251.008(a) of the Texas Election Code. Now codified at Tex.Elec.Code Ann. § 253.031 (Vernon's Supp.1990).

2. Now codified at § 253.131(d)(2) Tex.Elec.Code Ann. (Vernon's Supp.1990).

It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law.

*Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942). *Accord, McGilliard v. Kuhlmann,* 722 S.W.2d 694 (Tex.1986).

The exception to [this] interested witness rule ... is *especially true* where the opposing party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so.... In other words, failure to contradict is another factor to be considered by the court; but it does not necessarily preclude the holding that a fact issue is raised when, as here, there are circumstances in evidence tending to discredit or impeach the testimony of the interested witness.

*Anchor Casualty Co. v. Bowers,* 393 S.W.2d 168, 169–170 (Tex.1965) (emphasis in original).

 While the present case fits the exception to the general rule, we do not mean to imply that in every case when uncontradicted testimony is offered it mandates an award of the amount claimed. For example, even though the evidence might be uncontradicted, if it is unreasonable, incredible, or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact. In order for the court to award an amount of attorneys' fees as a matter of law, the evidence from an interested witness must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to case suspicion thereon. The court, as a trier of fact, may award attorneys' fees as a matter of law in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so. In default judgment situations, the same rule applies if there is evidence presented to the trial court which meets the same criteria. In this situation the evidence may be uncontradicted, but the trial judge could find some of the claimed fees to be unreasonable, unwarranted, or some other circumstance which would make an award of the uncontroverted claim wrong. In the present case it is clear that the trial court abused its discretion in awarding only $150 in attorney's fees. Ragsdale's attorneys testified as to the time involved, the nature of the services that were rendered, and the reasonableness of the fees charged. This evidence was uncontroverted. We hold the evidence is clear, direct and positive, and not contradicted by any other witness or attendant circumstances, and there is nothing to indicate otherwise. In the interest of judicial economy, we reverse the judgment of the court of appeals that remanded the attorney's fees issue for a new trial and render judgment for Ragsdale.

Accordingly, we grant the application of Paul Ragsdale, and pursuant to Tex.R. App.P. 170, without hearing oral argument, a majority of this court affirms that portion of the court of appeals judgment awarding damages and penalties under the Election Code, and reverses that portion which remanded the cause to the trial court for a new trial on attorney's fees. Judgment is rendered in favor of Ragsdale for attorney's fees in the amount of $22,500.