Carrasco v. Tex Trans Inst 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-018-CV

     JUAN CARRASCO,
                                                                                              Appellant
     v.

     TEXAS TRANSPORTATION INSTITUTE,
     TEXAS A & M UNIVERSITY SYSTEMS,
                                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 38,999-361
                                                                                                    

ON MOTION FOR REHEARING
                                                                                                    

     Texas Transportation Institute (TTI) filed a motion for rehearing following our reversal and
rendition of this Fair Labor Standards Act case. We deny the motion, but write briefly concerning
TTI's second point (third point in its amended motion).
      The court granted TTI's "directed verdict," (technically, a motion for judgment), at the close
of Juan Carrasco's evidence and refused to award Carrasco his attorney's fees and costs as proven. 
However, we awarded him attorney's fees and costs consistent with the uncontroverted evidence. 
Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881 (Tex. 1990).
      TTI argues that our award of attorney's fees was improper because it "was not afforded an
opportunity to contradict [Carrasco's] testimony regarding attorney's fees and costs" since this was
an appeal from a "directed verdict." Specifically, TTI argues that it was unable to "introduce
witnesses to contradict [Carrasco's] testimony." 
      First, as noted in our opinion, TTI did not conduct any meaningful cross-examination of
Carrasco's attorney who proved up the fees and costs. Second, TTI failed to identify any expert
witnesses in response to an approrpriate interrogatory. TTI's response to the interrogatory,
without objection or further supplementation, read: "At this time, Defendant has not determined
whether or not it intends to call expert witnesses at trial." 
      Our disposal of this point did not prevent TTI from presenting any evidence it could have
presented at trial. Not only did TTI forego its opportunity to cross-examine Carrasco's attorney
during his case-in-chief, but it also forfeited its right to call any expert witnesses because it failed
to comply with the discovery rules. Tex. R. Civ. P. 166b(6)(b), 215(5). Because TTI had not
identified any experts, it could not have called an expert to testify and could not have rebutted
Carrasco's evidence of attorney's fees and costs. Id.
      TTI filed a motion for leave to amend its motion for rehearing alleging two additional points
of error. We granted leave to file the amended motion, considered the additional points, and have
found them to be of no merit. TTI's motion for rehearing is denied. 


                                                                               BOB L. THOMAS
                                                                               Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Motion denied
Opinion delivered and filed November 8, 1995
Do Not Publish 



r the 1991 DWI
conviction. Thus, he is not being “confined on a charge of misdemeanor” for that DWI. See
Tex. Code Crim. Proc. Ann. art. 11.09; Ex parte Oyedo, 939 S.W.2d at 786. Because he is
not “confined” on the misdemeanor charge which he seeks to set aside, Bone cannot show
himself entitled to an article 11.09 writ of habeas corpus and the trial court properly denied his
application.
      Even if Bone could bring a writ of habeas corpus to attack this conviction at this stage, the
trial court correctly rejected his complaint because the sentence assessed was within the
statutory range at the time that the offense was committed and at the time that the punishment
was assessed. In December 1991, the punishment for a first time DWI was set out in
subsection (c) of article 6701l-1 of the Revised Civil Statutes, which provided:
(c)Except as provided by Subsections (d), (e), and (f)[


] of this article, an offense
under this article is punishable by:
 
(1)a fine of not less than $100 or more than $2,000; and
 
(2)confinement in jail for a term of not less than 72 hours or more than two years.

Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574-75,
repealed by Act of May 29, 1993, 73rd Leg., R.S., Ch. 900, § 1.15, 1993 Tex. Gen. Laws
3586, 3704 and Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 63, 1995 Tex. Gen. Laws
2734, 2755 (current version at Tex. Pen. Code Ann. § 49.04 (Vernon Supp. 2000)).


 Thus,
the original sentence of “209 days credit for time served” was within the range of punishment
for a first time DWI offense in 1991 and the trial court was correct to deny his application for
this reason as well.
      In Ex parte Oyedo, the Houston Court of Appeals dismissed Oyedo’s appeal of an 11.09
application for want of jurisdiction after determining that he could not show that he was
confined. Ex parte Oyedo, 939 S.W.2d at 786-87 (citing Ex parte Renier, 734 S.W.2d 349,
353 (Tex. Crim. App. 1987)). However, the Court of Criminal Appeals found that it did not
have original habeas corpus jurisdiction over Renier’s application because he did not satisfy the
“confinement” requirement of article 11.07 of the Code of Criminal Procedure. Ex parte
Renier, 734 S.W.2d at 353. We do not have original jurisdiction over an 11.09 habeas corpus
application; rather, we exercise appellate jurisdiction over a trial court’s ruling on such an
application. See Ex parte Hargett, 819 S.W.2d 866, 868-69 (Tex. Crim. App. 1991). Our
jurisdiction over the cause is invoked by a timely filed notice of appeal. Ex parte Gibbons,
992 S.W.2d 707, 708 (Tex. App.—Waco 1999, pet. ref’d). Thus, we believe that the
appropriate action here is to affirm the trial court’s ruling.
      For these reasons, the trial court’s judgment is affirmed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed July 19, 2000
Publish