11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

                                                                              

Integras Operating, LLC

Appellant

Vs.                   No. 11-03-00089-CV -- Appeal
from Jones County

The Re-Entry People, Inc. 


Appellee

 

Pursuant to an oral agreement, The Re-Entry
People, Inc. attempted to re-drill an abandoned oil and gas well for Integras Operating, LLC. 
The reentry attempt failed, and Integras
refused to pay.  Re-Entry subsequently
sued Integras to collect on the account.  Re-Entry also sought to foreclose upon its
mineral interest lien and sued various AIn
Rem@
defendants.  The AIn
Rem@
defendants have not filed an appeal. 
After a bench trial, the trial court rendered judgment in favor of
Re-Entry as follows:  $22,468.45 as the
principal sum due on the account, prejudgment interest of $2,478.30, attorney=s fees of $3,500.00, costs of court,
and foreclosure of the lien against the leasehold interest.  The trial court also dismissed with prejudice
the defendants=
counterclaim for breach of contract.  Integras appeals.  We affirm. 


Integras presents six
issues for review.  In the first and
second issues, Integras challenges the trial court=s evidentiary rulings in admitting
Plaintiff=s Exhibit
No. 1, a copy of the billing invoice sent to Integras,
and Plaintiff=s Exhibit
No. 4, daily time sheets showing the work performed by Re-Entry employees.  Integras contends
that both exhibits were inadmissible hearsay and that the time sheets were also
inadmissible under TEX.R.EVID. 902(10).  








The record shows that these exhibits were
introduced during the testimony of Re-Entry=s
president, Karen Martin.  Martin
testified that she ran the office and performed all of the accounting duties
for Re-Entry.  Martin testified that she
prepared the invoice as part of her regular duties at Re-Entry, that the
invoice was prepared at the time of the activities noted in the invoice, that
the invoice was prepared and maintained in the regular course of business, and
that the information used to prepare the invoice came from Re-Entry=s Adaily
punch tickets.@  These daily punch tickets or time sheets were
admitted as Plaintiff=s
Exhibit No. 4.  Martin testified that the
time sheets were made out daily in the regular course of business by Re-Entry=s operator, Joe Zapata.  Martin used the daily time sheets to prepare
the employee payroll and the customer invoices. 


These exhibits were admissible under TEX.R.EVID.
803(6), the business records exception to the hearsay rule.  Rule 803(6) provides that the following type
of evidence is not excluded by the hearsay rule: 

A memorandum, report, record, or data compilation,
in any form, of acts, events, conditions, opinions, or diagnoses, made at or
near the time by, or from information transmitted by, a person with knowledge,
if kept in the course of a regularly conducted business activity, and if it was
the regular practice of that business activity to make the memorandum, report,
record, or data compilation, all as shown by the testimony of the custodian or
other qualified witness, or by affidavit that complies with Rule 902(10),
unless the source of information or the method or circumstances of preparation
indicate lack of trustworthiness.  

 

As the custodian of records and the president of Re-Entry, Martin
was qualified to testify regarding the invoice and the daily time sheets
without an affidavit complying with Rule 902(10).  Martin prepared the invoice from information
contained in the daily time sheets, which in turn were
prepared by Zapata, a person with knowledge of the information contained
therein.  The invoice and the daily time
sheets were kept in the regular course of Re-Entry=s
business, and it was Re-Entry=s
regular practice to prepare such records.  The trial court did not abuse its discretion
in admitting the invoice or the daily time sheets into evidence.  The first and second issues are overruled. 

In the third issue, Integras contends that the judgment is erroneous because
the unopposed evidence showed a failure of consideration for the contract upon
which the open account was based.  The Afailure of consideration@ is an affirmative defense that must be
asserted in the pleadings.  TEX.R.CIV.P. 94.  Integras did not plead failure of consideration and,
therefore, waived that defense.  Rule 94;
see Kinnear v. Texas Commission on Human Rights,
14 S.W.3d 299, 300 (Tex.2000) (defense of immunity waived by failure to
plead).  Moreover, the record shows that
Re-Entry performed under the agreement as testified to by Martin.  The third issue is overruled. 








In its fourth issue, Integras
contends that the trial court erred in denying any recovery on its counterclaim
for breach of contract.  The counterclaim
for breach of contract was based upon the existence of a contract where the
terms were that Re-Entry agreed to reenter the well and drill to a depth of
approximately 4,700 feet.  It is
undisputed that Re-Entry=s
attempt to re-drill the well did not succeed because the drill bit kept gliding
off the cement plug, which was below the surface casing, and veering off into
the Ared bed.@ 
The evidence does not indicate, however, that success in the reentry was
a term of the agreement.  

Martin testified that the verbal agreement between
Re-Entry and Integras=s
agent, Eddie Bumpass, was that Re-Entry Awould
go out and furnish the equipment necessary to go out and attempt a reentry on
the Maris Number Two for an hourly rate.@ 
The agreed-upon rate was $180.00 per hour for the rig time, $90.00 per
hour for driving time, and $100.00 per day for the use of the tongs.  Martin testified that Re-Entry did not guarantee
success in the reentry and that, if there had been any kind of guarantee, they
would have entered into a written Aturn-key
contract.@  According to Martin, Re-Entry has not received
any payments from Integras even though Re-Entry
billed Integras on the account.  According to Martin=s
calculations, the amount owed for work performed under the agreement was
$22,468.45.  

The president of Integras,
James Linnemann, testified that Re-Entry was hired to
drill to a depth of approximately 4,700 feet. 
However, Linnemann admitted that he had no
personal knowledge of the terms of the agreement actually entered into between
Re-Entry and Integras.  Linnemann
acknowledged that Bumpass was the person who dealt directly with Re-Entry.  Bumpass did not testify at trial.  Because Linneman
had no personal knowledge and because Bumpass did not testify, Integras failed to show that a term of the agreement was
for Re-Entry to reach a certain depth. 
Thus, Integras has not shown that Re-Entry
breached a contract.  The fourth issue is
overruled.  








In the fifth issue, Integras
argues that the trial court erred in the award of attorney=s fees and costs to Re-Entry because
the amount of the account sued upon was unjust and because Re-Entry failed to
prove-up its attorney=s
fees.  Re-Entry=s
attorney, Kara Smith, testified regarding attorney=s
fees.  Smith testified that she had 20
hours of time invested in this case; that she expected to work another 5 hours
in this case; that she charged $100.00 per hour; and that, based upon her
experience in the Abilene area, $100.00 per hour was a reasonable rate for the
services provided.  Smith=s 20 hours were spent reviewing
paperwork, sending out a demand letter, preparing the lien, preparing the
petition, conducting discovery in this matter, preparing for trial, and
attending the trial.  Smith also
testified that, in addition to the time spent working on this case, various
other expenses were incurred.  These
expenses -- for title work, filing fees, and copies -- totaled $1,300.00.  Thus, at the time of Smith=s testimony, the attorney=s fees and costs totaled $3,300.00,
with an additional amount of $500.00 expected. 
The trial court awarded $3,500.00. 


Pursuant to statute, in addition to the amount of
the claim and costs, reasonable attorney=s
fees may be recovered in a suit involving services rendered, labor performed,
or an oral or written contract.  TEX.
CIV. PRAC. & REM. CODE ANN. '
38.001 (Vernon 1997).  As the trier of fact, the trial court must take into account
various factors in awarding attorney=s
fees, such as:  the nature and complexity
of the case; the nature of the services provided by counsel; the time and labor
required; the fee customarily charged for similar legal services in the area;
the amount of money involved; the client=s
interest that is at stake; the responsibility imposed upon counsel; and the
skill and expertise required.  Arthur
Andersen & Co. v. Perry Equipment Corporation, 945 S.W.2d 812, 818
(Tex.1997)(quoting TEX. DISCIPLINARY R. PROF=L CONDUCT 1.04,
reprinted in TEX. GOV=T
CODE ANN., tit. 2, subtit.
G app. A (Vernon 1998)(TEX. STATE BAR R. art. X, '
9)); Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881
(Tex.1990).  The trial court=s award of attorney=s fees will not be disturbed absent an
abuse of discretion.  Ragsdale v.
Progressive Voters League, supra. 
In the present case, Smith=s
testimony was sufficient to support the award of attorney=s fees. 
The fifth issue is overruled.  








In the final issue, Integras
contends that the trial court erred in allowing Re-Entry to foreclose its
security interest in the lease because neither Re-Entry=s
affidavit for lien nor its notice to Integras was
timely under TEX. PROP. CODE ANN. '
56.021 (Vernon 1995).  However, Integras did not include such an assertion in its pleadings
and did not otherwise bring this issue to the attention of the trial
court.  Because this is a Amatter constituting an avoidance or
affirmative defense,@
it must have been pleaded.  Rule 94; see
Gilbert v. Smedley, 612 S.W.2d 270, 275 (Tex.Civ.App. - Fort Worth 1981, writ ref=d n.r.e.); see
also Gill Savings Association v. International Supply Company, Inc., 759
S.W.2d 697, 701 (Tex.App. - Dallas 1988, writ den=d)(holding that, under TEX.R.CIV.P. 54,
issue regarding timely filing of lien was waived by defendant=s failure to specifically deny such
condition precedent to a valid lien in its pleadings); Sunbelt Construction
Corporation, Inc. v. S & D Mechanical Contractors, Inc., 668 S.W.2d
415, 417-18 (Tex.App. - Corpus Christi 1983, writ ref=d n.r.e.)(holding that lien was established under Rule 54 because of
defendant=s failure
to specifically deny condition precedent in its pleadings).  We hold that the issue was waived in the
present case because it was not asserted in Integras=s pleadings.  Integras cannot
raise this issue for the first time on appeal. 
The sixth issue is overruled.  

The judgment of the trial court is affirmed.  

 

TERRY McCALL

JUSTICE 

 

March 18, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.