Opinion filed March 13, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 13,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                               No. 11-06-00222-CV 

                                           __________

 

FIRST SERVICE AIR CONDITIONING CONTRACTORS, INC., Appellant

 

V.

 

MIDLAND WESTERN BUILDING, LLC, Appellee

 



 

                                On Appeal from the County Court at Law

 

                                                         Midland
County, Texas

 

                                                Trial
Court Cause No. CC-11,650

 



 

                                              M E
M O R A N D U M   O P I N I O N








The
jury found that Midland Western Building, LLC owed First Service Air
Conditioning Contractors, Inc. $14,645.10 as a result of Midland Western=s failure to comply with an
agreement it had with First Service.  The jury also found that the amount of
attorney=s fees that
should be paid to First Service at the trial level and on appeal was zero.  The
trial court entered a judgment in accordance with the jury=s verdict on the damages
issue, but entered a judgment notwithstanding the verdict on the issue of
attorney=s fees.  The
trial court set the attorney=s
fees at $24,000 for services rendered through the trial, $10,000 for an appeal
to the court of appeals, and $5,000 if the case were appealed to the Texas
Supreme Court.  Midland Western subsequently moved the trial court to
reconsider the award of attorney=s
fees.  The trial court did reconsider the award of attorney=s fees and entered a
modified judgment in which it set the attorney=s
fees at zero on all levels.  We reverse and render.

First
Service presents one issue on appeal.  In that issue, it argues that the trial
court erred when it failed to award mandatory attorney=s fees to First Service.  It maintains, among
other things, that there was no evidence to support the jury=s answer of zero attorney=s fees and that it
conclusively established its reasonable attorney=s
fees.

In
a suit on a sworn account, as well as suits on contracts, in addition to the
amount of a valid claim and costs, a party is entitled to recover reasonable
attorney=s fees.  Tex. Civ. Prac. & Rem. Code Ann. ' 38.001 (Vernon 1997).  An award of attorney=s fees to the prevailing
party is mandatory under the statute.  Recognition Commc=ns, Inc. v. Am. Auto. Ass=n, 154 S.W.3d 878, 891
(Tex. App.CDallas
2005, pet. denied).[1]  Midland
Western had argued that, because the statute contains the words Amay recover,@ an award of reasonable
attorney=s fees was
discretionary.  The words Amay
recover@ and the words
Amay award@ do not have the same
meaning.  The former is mandatory while the latter is discretionary.  Bocquet
v. Herring, 972 S.W.2d 19, 20 (Tex. 1998).   The jury did not have the
discretion to deny attorney=s
fees if they were properly proven.  Recognition Commc=ns, 154 S.W.3d at 891.

The
Texas Supreme Court has set forth eight nonexclusive factors to consider when
determining the reasonableness of attorney=s
fees.  Those factors are:

(1)
the time and labor required, the novelty and difficulty of the questions
involved, and the skill required to perform the legal service properly;

 

(2)
the likelihood . . . that the acceptance of the particular employment will
preclude other employment by the lawyer;

 

(3)
the fee customarily charged in the locality for similar legal services;

 

 








(4)  the amount
involved and the results obtained;

 

(5) the time
limitations imposed by the client or by the circumstances;

 

(6) the nature
and length of the professional relationship with the client;

 

(7) the
experience, reputation, and ability of the lawyer or lawyers performing the
services; and

 

(8) whether the
fee is fixed or contingent on results obtained or uncertainty of collection
before the legal services have been rendered.

 

Arthur
Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) 
(citing Tex. Disciplinary R. Prof=l Conduct 1.04, reprinted in Tex. Gov=t Code
Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, '
9)).

We
have not been provided with a full reporter=s
record; we have been provided with designated excerpts only.  While there was
ample argument regarding attorney=s
fees, the only evidence regarding attorney=s
fees came from a lawyer, Brian Carney, who was called as a witness by First
Service.  

Carney
testified that he had a general practice, primarily in litigation.  He had been
licensed for fourteen years.  Carney reviewed  itemized bills for attorney=s fees charged to First
Service and determined that $140 per hour was a reasonable hourly rate for the
work performed.  Carney also testified that the total sum of $24,000 was a
reasonable amount of attorney=s
fees considering the length of time the case had been pending, the amount of
work that was performed in the case, and the number of times the case had to be
Aworked up@ for trial but did not go
to trial.  Carney also testified as to reasonable attorney=s fees in the event of
appeals.  He said that an appeal to the court of appeals would entail
reasonable attorney=s
fees of seven to ten thousand dollars.  A reasonable attorney=s fee for an appeal to the
supreme court would be five thousand dollars.  On cross- examination, Carney
was taken through each of the eight factors outlined in Anderson, and he
testified that he took those things into account.  There is no other evidence
regarding attorney=s
fees.








The
issue raised by First Service is in essence a complaint that the trial court
erred when it did not ultimately grant the motion for judgment notwithstanding
the verdict.  When a challenge is made that the trial court failed to disregard
a jury finding, it is construed as a no-evidence or legal sufficiency challenge.
 Brown v. Bank of Galveston, Nat=l
Ass=n, 930
S.W.2d 140, 145 (Tex. App.CHouston
[14th Dist.] 1996), aff=d,
963 S.W.2d 511, 515-16 (Tex. 1998).

We
must consider evidence in the light most favorable to the challenged finding
and indulge every reasonable inference that would support the finding when we
analyze a legal sufficiency issue. City of Keller v. Wilson, 168 S.W.3d
802 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder
could and disregard contrary evidence unless a reasonable factfinder could
not.  Id. at 827.  We must determine whether the evidence at trial would
enable reasonable and fair-minded people to find the facts at issue.  Id. 
We may sustain a no-evidence challenge only when (1) the record discloses
a complete absence of a vital fact, (2) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered to prove a vital
fact, (3) the only evidence offered to prove a vital fact is no more than a
mere scintilla, or (4) the evidence conclusively establishes the opposite of a
vital fact.  Id.

Generally,
as is argued by Midland Western, it is within the province of the jury to
determine the reasonable value of services rendered by an attorney.  Brown,
930 S.W.2d at 145.  Nevertheless, there must be some evidence, as opposed to
argument and conjecture, that supports the jury=s
finding.  Midland Western argues that the jury believed that the attorney=s fees were not necessary
because Midland Western had offered to settle the lawsuit for more than First
Service recovered by virtue of the jury verdict.  It also argues that the jury
must have thought that the attorney=s
services were of no value because First Service did not get more than what
Midland Western had already offered to settle the case.  The record furnished
to us supports neither argument; moreover, the arguments are conjecture.  

When
the evidence is not contradicted by another witness, or contradicted by
circumstances, and it is clear, direct, positive, and free from contradiction,
inaccuracies, or circumstances that cast suspicion on the evidence, it is taken
as true as a matter of law.  Id.  This is especially true Awhen the opposing party has
the means and opportunity of disproving the testimony or evidence and fails to
do so.@  Ragsdale
v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990); see also
Brown, 963 S.W.2d at 515.








In
this case, the only evidence regarding attorney=s
fees was presented through Carney.  His testimony was clear, direct, positive,
and free from contradiction, inaccuracies, or circumstances that cast suspicion
on his testimony.  Midland Western had the means and opportunity of disproving
the testimony, but it failed to do that.  The issue raised by First Service is
sustained.

We
hold that there is no evidence to support the jury=s award of zero attorney=s fees.  We further hold
that First Service conclusively established its attorney=s fees in the amount of $24,000.

The
judgment of the trial court is reversed, and judgment is rendered for First
Service on its attorney=s
fee claim in the amount of $24,000.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 13, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Midland Western argued that there was no presentment as
required as a prerequisite to an award of attorney fees.  Assuming that this
complaint has not been waived, we have no evidence in the record before us
regarding presentment.  Therefore, we do not address the issue.





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.