COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-08-00102-CV |
| | § | |
| IN THE MATTER OF THE | | Appeal from the |
| GUARDIANSHIP ESTATE OF | § | |
| ESTEFANIA MARTIN DEL CAMPO, A | | Probate Court No. 1 |
| MINOR | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 95-G00074) |
| | § | |

**O P I N I O N**

JP Morgan Chase Bank ("Chase Bank") appeals the probate court's reduction of its request for payment of attorney's fees and expenses incurred during the administration of the estate during the tenth year of the guardianship proceeding. Having concluded the probate court abused its discretion by failing to order payment of the full amount requested by Chase Bank, we will modify the order.

JP Morgan Chase Bank was appointed to serve as the guardian of the estate for minor child, Estefania Martin Del Campo. Between 1997 and 2008, Chase Bank filed numerous annual accountings and applications for payment of attorney's fees and expenses related to management of the estate. The probate court routinely approved Chase Bank's annual accountings and granted payment of its requested attorney's fees and expenses for the first nine years of its appointment.

In April of 2007, Chase Bank filed its Tenth Annual Accounting and Application for Attorney's Fees and Expenses for expenses incurred between April 2005 and March 2006. The

application for payment stated Chase Bank had incurred $12,000 in attorney's fees for the year, and requested payment from the estate. In July, Chase Bank amended it application to reflect additional expenses, and stated that due to additional expenditures, the expenditure amount for the year had increased to $16,000. Although the probate court subsequently approved the annual accounting, the court entered an order for payment of only $343.62 of the requested attorney's fees.

The following year, Chase Bank filed its eleventh annual accounting, which the probate court approved, and also filed a final accounting of the estate as the ward was no longer a minor. The probate court entered the final accounting order on February 15, 2008.

Chase Bank argues the October 12 order constitutes an abuse of discretion, and asks this Court to enter judgment for the full amount of fees and expenses requested. An attorney's fees and expenses award rests within the sound discretion of the trial court, and will not be disturbed absent an abuse of that discretion. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990). In the attorney's fees context, whether or not a court abuses its discretion is determined by a two-step inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) if so, did the trial court err in exercising that discretion? *Alford v. Johnston*, 224 S.W.3d 291, 298 (Tex.App.--El Paso 2005, pet. denied). A court abuses its discretion when it acts without reference to guiding rules and principles, i.e., when it acts in an arbitrary and unreasonable manner. *F-Star Socorro, L.P. v. City of El Paso*, 281 S.W.3d 103, 106 (Tex.App.--El Paso 2008, no pet.).

Probate Code Section 666 provides:

> A guardian is entitled to be reimbursed from the guardianship estate for all

-2-

necessary and reasonable expenses incurred in performing any duty as a guardian, including reimbursement for the payment of reasonable attorney's fees necessarily incurred by the guardian in connection with the management of the estate or any other guardianship matter.

TEX.PROB.CODE ANN. § 666 (Vernon 2003).

Pursuant to Section 666, Chase Bank was entitled to payment for its expenses, including legal expenses incurred during the year. *See Epstein v. Hutchinson*, 175 S.W.3d 805, 808 (Tex.App.--Houston [1st Dist.] 2004, pet. denied). Indeed, the probate court approved of Chase Bank's management of the estate in its accounting order, stating "all actions and services performed by the guardian of the estate were reasonable and neccessary; that the guardian of the estate has managed the estate in good faith; and that said account is correct." The only question reminding is whether Chase Bank is entitled to the amount of funds it requested.

Chase Bank contends the probate court should have awarded $16,137.37 for expenses incurred between June 2006 and June 2007 based on the uncontroverted evidence provided by its attorney. Chase Bank argues that under the interested witness rule, its attorney's affidavit testimony and supporting evidence provides a basis for the award to be determined as a matter of law, and concludes that the probate court abused its discretion by deviating from the proven expenditures.

Generally, an interested witness's testimony, though uncontradicted, does no more than raise a fact issue to be determined by the fact finder. *Elias v. Mr. Yamaha, Inc.*, 33 S.W.3d 54, 62 (Tex.App.--El Paso 2000, no pet.). However, an exception to this rule exists where the circumstances of the testimony are clear, direct, and positive and free from contradiction, inaccuracies, and other circumstances tending to raise suspicions thereon. *Ragsdale*, 801 S.W.2d

at 882.  In such a case, the testimony may be taken as true as a matter of law.  *Id*.  This exception is especially true where the opposing party has the same opportunity to contradict, or raise doubts about the testimony, and fails to do so.  *Id*.  This is not to say, however, that an award of the claimed amount is necessary in every case where uncontradicted testimony is offered.  *Id*.  If the evidence is unreasonable, or not credible in some way, then such evidence only raises a fact issue to be determined by the fact finder.  *Id*.

In this instance, Chase Bank offered affidavit testimony by its attorney, Mr. Richard Feuille, who had served as Chase Bank's counsel related to the estate.  In his affidavit, Mr. Feuille stated the guardian incurred approximately $16,000 in attorney's fees and expenses in administering the estate in the tenth year of the guardianship, and states that based on his fifty years of experience handling probate and other civil matters in El Paso, that the expenses were reasonable and necessary.  Mr. Feuille also submitted his firm's billing invoices in support of the claimed amount.  The invoices indicate Chase Bank expended $16,137.37 for legal services during the year.

In its order approving Chase Bank's tenth annual application for attorney's fees, the probate court stated it was "satisfied that the facts stated in the application [were] true, correct and complete . . . ."  The order goes on to state, however, that the requested fees were, "not reasonable" and then reduced the payment amount to $343.62.  The award was made in direct contradiction to the evidence provided by Mr. Feuille, and the reduction has no support in the record.  The evidence that Chase Bank incurred $16,137.37 in attorney's fees and expenses was uncontradicted and uncontested.  There is nothing in the record to call the evidence into suspicion or to raise doubts about its veracity.  Accordingly, we conclude the probate court

abused its discretion by reducing the payment amount.  *See Elias*, 33 S.W.3d at 63-4.  Therefore, Chase Bank's issues are sustained, and the judgment is reformed to reflect a payment amount of $16,137.37, for expenses incurred in the tenth accounting year.  The judgment is affirmed as reformed.


November 12, 2009
                                                    DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.