ACCEPTED
03-15-00078-CV
5673814
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/15/2015 11:38:21 AM
JEFFREY D. KYLE
CLERK

# No. 03-15-00078-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/15/2015 11:38:21 AM
JEFFREY D. KYLE
Clerk

IN THE THIRD DISTRICT COURT OF APPEALS
AUSTIN, TEXAS

CHRIS BELL,
Appellant

v.

REPUBLICAN GOVERNORS ASSOCIATION
Appellee

On appeal from the 261st Judicial District Court, Travis County
Honorable John Dietz Presiding

## REPLY BRIEF OF APPELLANT

ELIZABETH G. BLOCH
State Bar No. 02495500
Heidi.bloch@huschblackwell.com
THOMAS H. WATKINS
State Bar No. 20928000
Tom.watkins@huschblackwell.com
Husch Blackwell LLP
111 Congress, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)

*Attorneys for Appellant Chris Bell*

## ORAL ARGUMENT REQUESTED

AUS-6115934-1 523389/1

# INTERESTED PARTIES

| **APPELLANT** | **ATTORNEYS FOR APPELLANTS** |
|---|---|
| Chris Bell | **Trial Counsel** |
| | Randall B. Wood |
| | Doug W. Ray |
| | Ray & Wood |
| | 2700 Bee Caves Rd. #200 |
| | Austin, Texas 78746 |
| | |
| | **Counsel on Appeal** |
| | Elizabeth G. Bloch |
| | Thomas H. Watkins |
| | Husch Blackwell LLP |
| | 111 Congress, Suite 1400 |
| | Austin, Texas 78701 |
| | |
| **APPELLEE** | **ATTORNEYS FOR APPELLEE** |
| | |
| Republican Governors Association | **Trial Counsel and Counsel on Appeal** |
| | Terry L. Scarborough |
| | Hance Scarborough, LLP |
| | 111 Congress, Suite 500 |
| | Austin, Texas 78701 |

i

# TABLE OF CONTENTS

INTERESTED PARTIES .................................................................................... i

TABLE OF CONTENTS.................................................................................. ii

INDEX OF AUTHORITIES.............................................................................iii

STATUTORY AUTHORITIES ........................................................................iii

ARGUMENTS AND AUTHORITIES ..............................................................1

    I.      The fact that the amount of attorneys' fees is reasonable does not mean there has been no abuse of discretion...................................1

    II.    Section 253.151 of the Election Code is designed to deter violations and encourage private enforcement by candidates; the award of fees in this case will discourage private enforcement.. ........................................................................................2

CONCLUSION....................................................................................................4

CERTIFICATE OF COMPLIANCE....................................................................5

CERTIFICATE OF SERVICE .............................................................................6

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Buckley v. Valeo,*
     424 U.S 1 (1976)......................................................................................................3


## STATE CASES

*Mercedes-Benz Credit Corp. v. Rhyne,*
     925 S.W.2d 664 (Tex. 1996) ...................................................................................2

*Osterberg v. Peca,*
     12 S.W.3d 31 (Tex. 2000)........................................................................................2

*Ragsdale v. Progressive Voters League,*
     790 S.W.2d 77 (Tex. App.—Dallas), *aff'd in part and rev'd in part on
     other grounds*, 881 (Tex. 1990))........................................................................2, 3

*Samlowski v. Wooten,*
     332 S.W.3d 404 (Tex. 2011) ...................................................................................1


## STATUTORY AUTHORITIES

TEX. ELEC. CODE § 253.131 ......................................................................... 1, 2, 3, 4

TEX. GOV'T CODE § 311.021..............................................................................................4

## ARGUMENTS AND AUTHORITIES

**I.    The fact that the amount of attorneys' fees is reasonable does not mean there has been no abuse of discretion.**

The RGA asserts that "if the award of fees was reasonable then there has been no abuse of discretion."[1] That is simply wrong. Bell has not challenged the reasonableness of the *amount* of fees incurred by the RGA. The cases cited by the RGA are not helpful to this case since the issue here is *not* whether the amount of fees awarded was a reasonable amount incurred for this type of case.

Instead, Bell argues the award of any fees was an abuse of discretion as the ruling did not take into consideration the underlying principles of the Election Code and § 253.131. Since this section of the Election Code provides no guidance regarding whether and when to award attorney's fees, that "[g]uidance must come instead from the broader purposes of the [statute], of which [that section] is a part." *See, Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (analyzing what principles must guide a trial court's discretion to allow an extension to file an expert affidavit under the Texas Medical Liability Act).

The RGA insists that consideration of the guiding principles requires reading "additional language" into the statutes concerning the discretion of a trial court.[2] But as stated above, the Texas Supreme Court has held a trial court's exercise of discretion *must* be made with reference to guiding principles underlying the statute

---

[1] Appellee's Brief p. 11.
[2] Appellee's Brief at 13.

1

as a whole. *Rhyne*, 925 S.W.2d at 666. Doing so does not require reading additional words into the statute.

## II.    Section 253.151 of the Election Code is designed to deter violations and encourage private enforcement by candidates; the award of fees in this case will discourage private enforcement.

The Texas Election Code was "designed to 'deter violators and encourage enforcement by candidates and others directly participating in the process, rather than placing the entire enforcement burden on the government." *Osterberg v. Peca*, 12 S.W.3d 31, 49 (Tex. 2000) (quoting *Ragsdales v. Progressive Voters League*, 790 S.W.2d 77, 84-85 (Tex. App.—Dallas), aff'd in part and rev'd in part on other grounds, 801 S.W.2d 880, 881 (Tex. 1990)).

The RGA attempts to distract the Court's attention from the purpose of section 253.131 by only partially quoting one sentence in the *Osterberg* opinion— "[t]he public interest is preventing campaign finance corruption and '[preventing evasion of . . . important campaign finance provisions."[3] This quote, however, must be read in the context in which it was written, which emphasizes the importance of private enforcement of the campaign finance statute. In *Osterberg*, the Texas Supreme Court stated:

> We disagree with the Osterbergs' contention that section 253.131 does not advance a sufficient state interest. When an individual breaks Texas's campaign finance laws, this section allows a candidate to enforce those

---
[3] Appellee's Brief at 19.

laws by seeking civil damages as a penalty. We agree with the Fifth Court of Appeals, which recognized that section 253.131 is designed to "deter violators and encourage enforcement by candidates and others directly participating in the process, rather than placing the entire enforcement burden on the government."[4] **Because state resources for policing election laws are necessarily limited, in many cases [private enforcement under] section 253.131 is likely to provide the only viable means of enforcing reporting requirements**. Preventing evasion of these important campaign finance provisions is a legitimate and substantial state interest.[5]

*Osterberg*, 12 S.W.3d at 49.

If the trial court's award of attorney's fees to the RGA is allowed to stand, it will have the counter effect of *discouraging* private enforcement and, therefore, greatly reduce, if not eliminate, the likely "only viable means of enforcing reporting requirements."

## CONCLUSION

In sum, an award of fees to the RGA under the facts and circumstances of this case would defeat the purpose of the statute by discouraging colorable claims in the future. It would also further the private financial interest of one political entity over the public's interest in maintaining the integrity of the electoral process, in violation of TEX. GOV'T CODE § 311.021. The only just, equitable, and

---

[4] Citing *Ragsdale v. Progressive Voters League*, 790 S.W.2d 77, 84-85 (Tex. App.—Dallas) (construing an earlier version of section 253.131), *aff'd in part and rev'd in part on other grounds*, 801 S.D.2d 880, 881 (Tex. 1990).
[5] *Cf. Buckley v. Valeo*, 424 U.S. 1, 66-68, 76 (1976) (preventing evasion of valid contribution limits is a substantial interest).

3

reasonable exercise of discretion in this case, and the only one that is consistent with the applicable guiding rules and principles, is to deny the RGA its attorney's fees. The trial court abused its discretion by not abiding by the important guiding principles underlying the private enforcement provisions of the Election Code.

Bell therefore requests that this Court reverse the judgment below and render judgment that the RGA take nothing on its claim for attorney's fees. In the alternative, Bell requests that the case be remanded for the trial court to reconsider its decision in light of, and being guided by, the important public policy concerns of the Texas Election Code and section 253.131.

Respectfully submitted,

HUSCH BLACKWELL, L.L.P

BY:*/s/ Elizabeth G. Bloch*
    ELIZABETH G. BLOCH
    Texas Bar No. 02495500
    Heidi.bloch@huschblackwell.com
    THOMAS H. WATKINS
    Texas Bar No. 20928000
    tom.watkins@huschblackwell.com
    111 Congress Avenue, Suite 1400
    Austin, Texas 78701
    (512) 472-5456
    (512) 479-1101 (facsimile)

    *Attorneys for Appellant Chris Bell*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document contains 863 words, according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(i)(2).

*/s/ Elizabeth G. Bloch*
Elizabeth G. Bloch

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served upon the following counsel of record via electronic filing and/or facsimile on the 15th day of June, 2015:

Terry L. Scarborough
Hance Scarborough, LLP
111 Congress, Suite 500
Austin, Texas 78701
(512) 482-6891 (facsimile)

*/s/ Elizabeth G. Bloch*
Elizabeth G. Bloch

5