

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00800-CV

**IN THE MATTER OF THE GUARDIANSHIP OF** Robert S. **LITOFF**

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2011-PC-1241
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  March 27, 2013

AFFIRMED

This appeal arises from a jury trial concerning the application for appointment of a permanent guardian of the person and estate of Robert S. Litoff, filed by Kelly M. Cross, the private personal guardian appointed as temporary guardian of Litoff's person and estate. In the probate court, the jury found that Litoff was not an incapacitated person, and awarded $0 in attorney's fees to Heinrichs & De Genarro, P.C., Cross's trial attorneys.

Cross filed a motion to disregard the jury's answer to Question 10 of the jury charge on the issue of attorney's fees. The trial court held a hearing on the motion and found no evidence supported the jury's answer on Question 10. Accordingly, the court granted the motion and ordered attorney's fees in the amount of $52,000.

In his sole point of error, Litoff challenges the legal sufficiency of the trial court's judgment *non obstante veredicto* (JNOV).

## STANDARD OF REVIEW

The trial court may render JNOV and "disregard any jury finding on a question that has no support in the evidence." TEX. R. CIV. P. 301; *see Bay Rock Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 298 S.W.3d 216, 233 (Tex. App.—San Antonio 2009, pet. denied). Therefore, we review the trial court's ruling on a motion to disregard the jury's finding as a legal sufficiency challenge. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); *Bay Rock Operating Co.*, 298 S.W.3d at 233. The trial court properly grants JNOV when "the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law." *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 629 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see City of Keller*, 168 S.W.3d at 810 & n.16. In our review, we look at the evidence in the light most favorable to the jury's finding, and consider only the evidence that supports the jury's answer, and the reasonable inferences therefrom. *City of Keller*, 168 S.W.3d at 823; *Guidry*, 282 S.W.3d at 629.

## APPLICABLE LAW

Texas Probate Code section 665B authorizes the probate court to order "the payment of reasonable and necessary attorney's fees, as determined by the court, to an attorney who represents the person who filed the application at the application hearing." TEX. PROB. CODE ANN. § 665B(a) (West Supp. 2012); *see In re Guardianship of Fortenberry*, 261 S.W.3d 904, 912 (Tex. App.—Dallas 2008, no pet.). The court must first "find[] that the applicant acted in good faith and for just cause in the filing and prosecution of the application." TEX. PROB. CODE ANN. § 665B(b); *see In re Guardianship of Fortenberry*, 261 S.W.3d at 912 n.11.

"Generally, the determination of reasonable attorney's fees is a question of fact and 'the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury.'" *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010) (quoting *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009)); *accord Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam); *Mastin v. Mastin*, 70 S.W.3d 148, 155 (Tex. App.—San Antonio 2001, no pet.). There is an exception to this general rule, however, when "the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law." *Ragsdale*, 801 S.W.2d at 882; *accord Mastin*, 70 S.W.3d at 155. This exception "'is *especially true* where the opposing party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so.'" *Ragsdale*, 801 S.W.2d at 882 (quoting *Anchor Cas. Co. v. Bowers*, 393 S.W.2d 168, 170 (Tex. 1965)). Although failure to contradict is a factor for the court to consider, "'it does not necessarily preclude the holding that a fact issue is raised when . . . there are circumstances in evidence tending to discredit or impeach the testimony of the interested witness.'" *Id.* (quoting *Bowers*, 393 S.W.2d at 170).

## ANALYSIS

At trial, A. Chris Heinrichs, of Heinrichs & De Gennaro, P.C., testified as to his hourly rate and the hourly rates of the other attorneys at his firm who assisted on the case, and that their time spent was rendered in good faith and with just cause. He further testified that their rates were comparable to those charged by similarly experienced attorneys in the Bexar County area who provide similar services. Heinrichs stated that the services performed and the fees and expenses charged were reasonable and necessary. Specifically, he testified that the reasonable

and necessary fee for services rendered by Heinrichs & De Gennaro, P.C. through trial was $52,000, and that in the event that the matter was appealed, the reasonable and necessary fee for representation on appeal would be $20,000.[1] In addition, Heinrichs & De Genarro, P.C.'s fee schedule, admitted at trial with no objection, depicted in detail the services provided in furtherance of the case, the number of hours spent on each task, and the amounts charged. Heinrichs's testimony and accompanying evidence as to the reasonable and necessary attorney's fees in this case were "clear, direct and positive." *See Ragsdale*, 801 S.W.2d at 882; *Mastin*, 70 S.W.3d at 155.

Litoff offered no evidence contradicting Heinrichs's testimony. On cross-examination, Litoff's counsel asked Heinrichs only one question: "Who do you want to pay these attorney's fees?" Heinrichs responded "I believe the fees will probably get paid out of Mr. Litoff's estate." Thus, although Litoff had the means and opportunity to disprove Heinrichs's testimony through another witness, or attendant circumstances, he failed to do so. *See Ragsdale*, 801 S.W.2d at 882; *Mastin*, 70 S.W.3d at 155. Moreover, the record does not show any inaccuracies in or "circumstances tending to cast suspicion" on Heinrichs's testimony, nor does it contain evidence tending to discredit or impeach his testimony. *See Ragsdale*, 801 S.W.2d at 882; *Mastin*, 70 S.W.3d at 155. Therefore, we take Heinrichs's testimony as true, as a matter of law. *See Ragsdale*, 801 S.W.2d at 882; *Mastin*, 70 S.W.3d at 155.

Because Heinrichs's testimony established the reasonable and necessary attorney's fees as a matter of law, the record does not support the jury's finding that the reasonable fee for the necessary services of Heinrichs & De Gennaro, P.C. was $0. *See* TEX. R. CIV. P. 301; *Guidry*,

---

[1] Although Heinrichs stated that the trial total was $58,422.86, he discounted that amount by ten percent to what he determined was the reasonable and necessary fee of $52,000. Heinrichs testified with regard to the appellate fees when the court agreed to reopen evidence for the limited purpose of hearing additional testimony on attorney's fees.

282 S.W.3d at 629; *see also City of Keller*, 168 S.W.3d at 810 & n.16.  Therefore, the trial court properly granted JNOV.  *See* TEX. R. CIV. P. 301; *Guidry*, 282 S.W.3d at 629.

## CONCLUSION

Because the evidence established the reasonable and necessary attorney's fees as a matter of law, we conclude that the trial court properly disregarded the jury's finding on Question 10 in the jury charge.  *See* TEX. R. CIV. P. 301; *Guidry*, 282 S.W.3d at 629; *see also City of Keller*, 168 S.W.3d at 810 & n.16.  Accordingly, we affirm the trial court's order granting Cross's motion to disregard jury findings and awarding attorney's fees to Heinrichs & De Gennaro, P.C.

Patricia O. Alvarez, Justice