ACCEPTED
07-15-00252-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
12/17/2015 9:22:28 AM
Vivian Long, Clerk

**No. 07-15-00252-CV**

IN THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
12/17/2015 9:22:28 AM
VIVIAN LONG
CLERK

\* \* \* \* \* \* \* \* \*

**JOHN H. CARNEY & ASSOCIATES,**

**Appellant**

**v.**

**ISHFAQ AHMAD,**

**Appellee.**

\* \* \* \* \* \* \* \* \*

**From the 324th District Court of Tarrant County, Texas**
**The Honorable Judge Jerome Hennigan Presiding**

# APPELLEE'S ORIGINAL BRIEF

Respectfully submitted,

P. Micheal Schneider
State Bar No. 24042911
Melissa K. Swan
State Bar No. 24049979

Schneider Law Firm, P.C.
400 E. Weatherford St., Ste. 106
Fort Worth, TX 76102
Voice (817) 850-9955
Fax (817) 769-3797
*Attorneys for Appellee Ishfaq Ahmad*

# IDENTITY OF PARTIES AND COUNSEL

| Party: | Appellate & Trial Counsel: |
|---|---|
| *Appellant*<br>John H. Carney & Associates<br>(Intervenor in Trial Court) | John H. Carney<br>John H. Carney & Associates<br>5005 Greenville Ave., Suite 200<br>Dallas, Texas 75206<br>Tel: (214) 368-8300<br>Fax: (214) 363-9979<br>johnhatchettcarney@gmail.com |
| *Appellee*<br>Dr. Ishfaq Ahmad<br>(Defendant in Trial Court) | P. Michael Schneider<br>Melissa K. Swan<br>Schneider Law Firm, P.C.<br>400 East Weatherford St., Ste. 106<br>Fort Worth, Texas 76102<br>Tel: (817) 850-9955<br>Fax: (817) 769-3797<br>melissa@clientdrivenlaw.com<br>*Appellate Counsel for Dr. Ahmad*<br><br>Donald Fulton<br>Law Office of Donald T. Fulton<br>227 North Sylvania Avenue<br>Fort Worth, Texas 76111<br>Tel: (817) 870-1211<br>Fax: (817) 970-1225<br>*Trial Counsel for Dr. Ahmad* |

# TABLE OF CONTENTS

Identify of Parties and Counsel _____ ii

Table of Contents _____ iii

Index of Authorities _____ iv

Statement of the Case _____ vi

Issues Presented _____ vii

Statement of Facts _____ 2

Summary of Argument _____ 5

Argument _____ 6

Prayer for Relief _____ 15

Certificate of Service _____ 16

Certificate of Compliance _____ 16

## **Appendix**

Final Judgment _____ TAB A

Findings of Fact and Conclusions of Law _____ TAB B

# INDEX OF AUTHORITIES

*CASES*

*Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665
    (Tex. App.--Austin 2006, no pet.).

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997).

*Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904, 908 (1942).

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985).

*Garcia v. Gomez*, 319 S.W.3d 638 (Tex. 2010).

*In re A.B.P.*, 291 S.W.3d 91, 99 (Tex.App.-Dallas 2009, no pet.).

*McGilliard v. Kuhlmann*, 722 S.W.2d 694 (Tex.1986).

*Ragsdale v. Progressive Voters League*, 801 S.W.2d 880 (Tex. 1990) (per curiam).

*Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143 (Tex. 2004).

*Sanders v. Harder*, 227 S.W.2d 206 (Tex.1950).

*Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892–93
    (Tex.App.-Austin 2010, pet. denied).

*Schlager v. Clements*, 939 S.W.2d 183, 191–93
    (Tex. App.—Houston [14th Dist.] 1996, writ denied).

*Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009).

*Stamper v. Knox,* 254 S.W.3d 537 (Tex.App.-Houston [1st Dist.] 2008, no pet.).

*Stelly v. Papania*, 927 S.W .2d 620 (Tex.1996) (per curiam).

*Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517–18
    (Tex.1999) (per curiam).

*Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005).

*RULES*

Tex. R. Civ. P.  191.1.

Tex. R. Civ. P. 198.2(a).

Tex. R. Civ. P. 198.2(c).

Tex. R. Civ. P. 198.3.

## STATEMENT OF THE CASE

This is a suit for attorney's fees brought by John H. Carney against his former client, Ishfaq Ahmad. (1 CR 20).

On or about May 1, 2012, Appellant filed a Petition in Intervention for Attorney's Fees in cause no. 324-494783-11, styled *In the Matter of the Marriage of Ishfaq Ahmad and Kalsoom Ahmad and In the Interest of F. A., A Child*. (1 CR 20).

On or about June 25, 2013, the Court severed Appellant's action from the underlying divorce suit into a separate action under cause no. 324-538990-13. (1 CR 17).

On or about May 22, 2014, a final trial was held in the 324th District Court of Tarrant County, Texas, the Honorable Judge Jerome Hennigan presiding. (1 RR 1:11-15). Dr. Ahmad proceeded to trial represented by his attorney of record, Donald Fulton. Mr. Carney proceeded to final trial pro se. (1 RR 2:2-12). At the conclusion of trial, the Court requested from Intervenor a response on one issue raised by Defendant's counsel. (2 RR 49:6-9; 2 RR 50:7-22; 2 RR 51:11-20). Pending that response, the trial court recessed and took the decision under advisement. (2 RR 51:11-20). On or about June 13, 1014, a rendition letter was sent to the parties which denied Appellant's Petition in Intervention. (1 CR 81). The Court's take nothing Final Judgment was signed on March 11, 2015. (1 CR 87-88; Appendix –Tab A).

Appellant Mr. Carney filed a Notice of Appeal on June 8, 2015. (1 CR 136).

# ISSUES PRESENTED

I.      **Whether the trial court's denial of Mr. Carney's request for attorney fees was an abuse of discretion when Mr. Carney failed to prove that the fees he sought were reasonable and necessary by providing details as to what was done on an hourly basis in his representation of his former client, Dr. Ahmad, to justify his fees.**

II.     **Whether the trial court abused its discretion in sustaining Dr. Ahmad's objection that the use of the admissions would have been unfair and prejudicial and withdrawing the deemed admissions of Dr. Ahmad when the evidence showed that the failure to answer was not intentional or the result of conscious indifference.**

**No. 07-15-00252-CV**

IN THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS

\* \* \* \* \* \* \* \* \*

**JOHN H. CARNEY & ASSOCIATES,**

**Appellant**

**V.**

**ISHFAQ AHMAD,**

**Appellee.**

\* \* \* \* \* \* \* \* \*

**From the 324th District Court of Tarrant County, Texas**
**The Honorable Judge Jerome Hennigan Presiding**

# APPELLEE'S ORIGINAL BRIEF

TO THE HONORABLE SEVENTH COURT OF APPEALS:

Appellee Ishfaq Ahmad (hereinafter referred to as "Dr. Ahmad") files this Appellee's Original Brief, and would respectfully request that this court affirm the trial court's judgment and deny all relief requested by Appellant John H. Carney (hereinafter referred to as "Mr. Carney").

# STATEMENT OF FACTS

Appellant John H. Carney ("Mr. Carney") and Appellee Dr. Ishfaq Ahmad ("Dr. Ahmad") began an attorney-client relationship on March 30, 2011 in Dallas County, Texas, at which time the parties signed a written contract for legal services. (3 RR Intervenor's Exhibit 1). Mr. Carney represented Dr. Ahmad in Cause No. 324-494783-11, the underlying divorce action, from approximately March 30, 2011 until he withdrew and filed his Petition in Intervention for Attorney Fees, at which time Dr. Ahmad sought other representation. (2 RR 23:19-22; 3 RR Intervenor's Exhibit 1).

Dr. Ahmad directly disputed some of the fees incurred and charged by Mr. Carney and requested explanation of these fees, but his requests were shrugged off and ignored by Mr. Carney. (1 RR 44:18-25).

On or about May 1, 2012, Mr. Carney filed an Original Petition in Intervention for Attorney Fees in the underlying divorce action, which was served on Mark Rosenfield, then counsel for Dr. Ahmad. (1 CR 20). Sometime between May and August of 2012, Dr. Ahmad sought the assistance of the fee dispute resolution committee, but Mr. Carney declined to participate in an arbitration or mediation of the dispute. (1 RR 44:4-17).

In December 2012, Mr. Carney filed a traditional and no evidence motion for summary judgment, which was denied in a memorandum of the Court on March 13, 2013. (2 CR 49; 2 CR 60). On February 8, 2013, Mr. Carney purportedly served on Dr. Ahmad, by and through his attorney John White ("Mr. White"), a Request for Admissions by facsimile and email. (2 RR 10:14-21; 3 RR Bill of Exception Exhibit 1). He also copied same to Sanjay Mathur, counsel for Dr. Ahmad's estranged wife Kalsoom

Ahmad, and by certified mail to Kalsoom Ahmad herself. (3 RR Bill of Exception Exhibit 1). Mr. Carney did not copy the request for admissions by email, facsimile, certified or regular mail to Dr. Ahmad. (3 RR Bill of Exception Exhibit 1). Nor did Mr. Carney file with the court a Certificate of Written Discovery, such as to put the Court, the parties, and subsequent counsel in the case, on notice that discovery had been served in the case. (2 RR 10:12-13).

On March 6, 2013, Donald Fulton ("Mr. Fulton") made his appearance in the case on behalf of Dr. Ahmad, and remained the attorney of record on the case through final trial on May 22, 2014. (2 RR 5:6-8; 2 RR 6:6-11; 2 RR 7:15-21).

On June 25, 2013, the Court signed an Order of Motion for Severance that severed Appellant's claims from the underlying divorce action, assigning it a new cause number, 324-538990-13. (1 CR 17-18).

From June 25, 2013 until the day before trial nearly one year later, there was no filing of a certificate of written discovery, no filing of deemed admissions, and no transmission from Mr. Carney to Mr. Fulton of any discovery requests which were allegedly propounded on Dr. Ahmad in this severed action. (1 CR 65; 2 RR 10:12-13; 2 RR 5:15-25; 2 RR6:1-19; 2 RR 7:3-7, 24-25). At 4:42 p.m. on May 21, 2014, the day before the case was to proceed to final trial, Mr. Carney filed the deemed admissions with the Court and served them not on Mr. Fulton, who had been counsel for Dr. Ahmad for the last year, but on Mr. White. (1 CR 65; 2 RR 5:15-25).

At trial on this case, Mr. Carney sought to use the deemed admissions in securing his award of attorney fees. (2 RR 13:20-25; 2 RR 14:1-3). After hearing the argument of

counsel as to who was served with the request and when they were served, the Court sustained Mr. Fulton's objections to the use of the deemed admissions as unfair and prejudicial to Dr. Ahmad. (2 RR 14:4-13). At that point in the trial, Mr. Carney made a bill of exception, reading into the record each of the admissions requested, noting that no answer had been received. (2 RR 14:14-23; 2 RR 15:5-25; 2 RR 16:1-25; 2 RR 17:1-25; 2 RR 18:1-25; 2 RR 19:1-25; 2 RR 20:1-25; 2 RR 21:1-25; 2 RR 22:1-25; 2 RR 23:1-14).

Upon the conclusion of his bill, Mr. Carney proceeded with his case in chief, first calling himself as a witness. (2 RR 23:18). Mr. Carney testified that he and Dr. Ahmad entered into a written contract for services on or about March 30, 2011, and that contract was the basis of the filing of the original petition for divorce for Dr. Ahmad from his wife Kalsoom Ahmad. (2 RR 23:19-23; 2 RR 24:3-6). The contract was offered and admitted. Mr. Carney then testified as to a summary of his billing and the aggregate billing of $32,903.27 to Dr. Ahmad, of which only $11,051.48 remained unpaid. (2 RR 24:7-17). Offering and admitting two exhibits—a summary sheet (Exhibit 2) and the individual billing statements (Exhibit 3)—Mr. Carney testified that "attached to the billing summary provided to Dr. Ahmad each month was a line-item of each of the individual services performed, who it was performed by, and the amount charged for those particular services." (2 RR 24:18-25). However, none of these itemized bills, redacted or otherwise, were offered or admitted into evidence. (3 RR Exhibits 2, 3, and 4)

Claiming "privilege" in not producing the actual billing statements, Mr. Carney testified that "Dr. Ahmad's divorce case was complicated in several respects[,]" that "Dr. Ahmad was a high maintenance client and required a lot of hand-holding through the

process[,]" and "Dr. Ahmad was chauvinistic and he did not want his wife to have much of anything." (2 RR 25:1-3; 2 RR 25:10-11; 2 RR 28:13-14).

Mr. Carney also called his office manager, Dolph Haas, as a witness to testify about the firm's billing practices, including the services provided, the time billed for those services, and the preparation of billing statements. (2 RR 36:4-17; 2 RR 39:9-21). However, like Mr. Carney's testimony, Mr. Haas' testimony did not aid the court in understanding whether the services performed by Mr. Carney and his legal staff were reasonable and necessary.

In conclusion, the Court found that Mr. Carney's billing statements failed to include details as to the services performed so as to allow the Court to determine the reasonableness and necessity of his services. (1 CR 121-22; Findings of Fact and Conclusions of Law, Appendix – Tab B). Mr. Carney could not explain to the court with any reasonable specificity the nature of the work provided on each date that he billed Dr. Ahmad, and whether those services were reasonable and necessary. (1 CR 121-22; Findings of Fact and Conclusions of Law, Appendix – Tab B).

On March 11, 2015, the Court signed a take nothing judgment. (1 CR 87-88; Final Judgment, Appendix – Tab A). Having been denied an award for attorney fees, Mr. Carney then filed this appeal. (1 CR 136).

## SUMMARY OF ARGUMENT

Mr. Carney raises two issues on appeal.

First, Mr. Carney raises the issue of whether the trial court abused its discretion in failing to grant his attorney fees where the Court found that he failed to give details and

provide testimony as to the work that was done on an hourly basis in his representation of Dr. Ahmad was reasonable and necessary.

Second, Mr. Carney raises the issue of whether the Court abused its discretion in withdrawing the deemed admissions of Dr. Ahmad

It is Dr. Ahmad's contention that the Court did not err in denying the relief sought because Mr. Carney failed to meet his burden of proof as to the reasonableness and necessity of the fees he charged Dr. Ahmad.

## ARGUMENT AND AUTHORITIES

### I.      Standard of Review

A trial court's decision to either grant or deny attorney's fees is reviewed under an abuse-of-discretion standard. *See Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004); *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 671 (Tex. App.--Austin 2006, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Under the abuse-of-discretion standard, legal and factual sufficiency of the evidence are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *Stamper v. Knox,* 254 S.W.3d 537, 542 (Tex.App.-Houston [1st Dist.] 2008, no pet.). A trial court does not abuse its discretion when there is some evidence of a substantive and probative character to support the trial court's judgment. *Id.*

**II.    The trial court did not abuse its discretion in denying Mr. Carney's request for attorney fees because Mr. Carney failed to prove that the fees he sought were reasonable and necessary by providing details as to what was done on an hourly basis in his representation of Dr. Ahmad to justify his fees.**

In the present case, Mr. Carney claims that there was "clear, direct, and uncontroverted expert opinion as well as documents that were sufficient to prove the reasonableness and necessity of the attorneys fees charged to Appellee." (Appellant's Brief, p. 8).

Mr. Carney's claim is inaccurate and unsupported by the record. The very thing missing, as identified in the Court's findings of fact and conclusions of law, are the documents Mr. Carney claims are sufficient to prove the reasonableness and necessity of the attorneys fees charged to Appellee and warrant the relief he is seeking. Merely producing summaries of hours expended and amounts owed, coupled with a lack of testimony as to the specific tasks performed to justify the reasonableness of such tasks is insufficient.

The reasonableness of attorney's fees is ordinarily left to the trier of fact, and a reviewing court may not substitute its judgment for the jury's. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam). Ordinarily, the allowance of attorney's fees rests with the sound discretion of the trial court and will not be reversed without a showing of abuse of that discretion. *Ragsdale*, 801 S.W.2d at 880. Factors to be considered in determining the amount of attorney's fees to be awarded include the following: (1) the time and labor required, novelty and difficulty of the questions

presented, and the skill required; (2) the likelihood that acceptance of employment precluded other employment; (3) the fee customarily charged for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the expertise, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). "A reasonable fee is one that is not excessive or extreme, but rather moderate or fair." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010).

It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. *Ragsdale*, 801 S.W.2d at 880. But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904, 908 (1942). *Accord, McGilliard v. Kuhlmann*, 722 S.W.2d 694 (Tex.1986). However, *Ragsdale* was keen to distinguish itself from other cases, explaining that while that case fit the exception to the general rule, it was not implying that in every case where there is uncontradicted testimony offered it mandates an award of the amount claimed. *Ragsdale*, 801 S.W.2d at 880. The Court further stated that "even though the evidence might be uncontradicted, if it is unreasonable, incredible, or its belief

is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact. In order for the court to award an amount of attorneys' fees as a matter of law, the evidence from an interested witness must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to case suspicion thereon." *Ragsdale*, 801 S.W.2d at 881.

Mr. Carney relies on the exception in *Ragsdale* as his basis for the court's alleged abuse of discretion in denying relief. (Appellant's Brief, pg. 12). It is however, in the present case, that we see exactly what the *Ragsdale* court warned would not be subject to the exception. Mr. Carney provided testimony and evidence of the contractual agreement he had with Dr. Ahmad, his hourly rate and it's customary acceptance in the county, as well as the nature of the services he provided, but he wholly failed to offer evidence or testimony by which the Court could ascertain whether the $11,051.48 he sought to have awarded was incurred through reasonable and necessary services on the case.

The Court, as a trier of fact, in this case was within full discretion to award or not award attorneys' fees as a matter of law when it found that Mr. Carney's billing statements failed to include details as to the services performed so as to allow the Court to determine the reasonableness and necessity of his services. (1 CR 121-22; Findings of Fact and Conclusions of Law, Appendix – Tab B). Mr. Carney could not explain to the court with any reasonable specificity the nature of the work provided on each date that he billed Dr. Ahmad, and whether those services were reasonable and necessary. (1 CR 121-22; Findings of Fact and Conclusions of Law, Appendix – Tab B). In this situation the

evidence may be uncontradicted by an expert, but the trial judge could and did find that Mr. Carney did not produce sufficient evidence that the claimed fees were reasonable and necessary. Unlike in *Ragsdale*, where the attorneys testified as to the time involved, the nature of the services that were rendered to justify the time involved, and the reasonableness of the fees charged, Mr. Carney failed to satisfy these elements with any specificity.

Mr. Carney additionally argues that Texas does not require detailed billing records, which the undersigned counsel would agree is true. Texas law has not required detailed billing records or other documentation as a predicate to an attorney's fees award. See, e.g., *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517–18 (Tex.1999) (per curiam) (recognizing attorney's affidavit to be sufficient support for award of fees in default judgment); *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892–93 (Tex.App.-Austin 2010, pet. denied) (accepting affidavit testimony detailing legal work and rates); In re A.B.P., 291 S.W.3d 91, 99 (Tex.App.-Dallas 2009, no pet.) (noting that documentary evidence is not a prerequisite to an award of attorney's fees); *Schlager v. Clements*, 939 S.W.2d 183, 191–93 (Tex.App.-Houston [14th Dist.] 1996, writ denied) (holding that the failure to produce documentary evidence would affect the weight of an attorney's testimony regarding fees rather than its admissibility).

However, that does not relieve Mr. Carney of the burden of proving his case and assisting the Court in finding the reasonableness and necessity of his purported fees. To avoid this consequence, Mr. Carney should have provided sufficient information, be it itemized statements or detailed testimony, to the Court by which it could have made a

meaningful evaluation of his intervention for attorney's fees. Without more than mere summary sheets, it was impossible for the Court to know how the hours were spent, whether the charges were reasonable or excessive, or whether there was any inadequately documented work that should have been excluded particularly in light of Dr. Ahmad's testimony that he had attempted to dispute the charges with Mr. Carney at the time he received his invoice and was not afforded the opportunity.

**III.** **The trial court did not abuse its discretion in sustaining Dr. Ahmad's objection that the use of the admissions would have been unfair and prejudicial and withdrawing the deemed admissions of Dr. Ahmad when the evidence showed that the failure to answer was not intentional or the result of conscious indifference.**

Good cause exists to withdraw admissions if the failure to respond to a request for admissions is an accident or mistake, rather than intentional or the result of conscious indifference. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005).

In his second point on appeal, Mr. Carney argues that the court abused its discretion in withdrawing the deemed admissions of Dr. Ahmad, as there was not good cause to do so. (Appellant's Brief, p. 16). The undersigned counsel would contend that good cause did exist to withdraw the deemed admissions in that there was no evidence to suggest that the failure of counsel to response to the request for admissions was intentional or the result of conscious indifference. Moreover, the withdraw of the admissions did not hamper Mr. Carney's ability to proceed to trial or put forth his case in chief on the merits of his request for attorney's fees.

By rule, a request for admission is considered admitted if a response is not timely served. Tex. R. Civ. P. 198.3. The response in this case was never served because neither Dr. Ahmad himself, nor Mr. Fulton, his trial counsel, was ever aware that such Request for Admissions had been propounded, and the requested admissions were deemed admitted under the rule.

At the start of trial, the Court took up the preliminary matter of the deemed admissions upon the oral motion of Mr. Fulton, Dr. Ahmad's counsel, asking for them to be withdrawn as he had just become aware of them and the use of deemed admissions would be unfair and prejudicial. (2 RR 5:15-25). The court allowed the parties to argue the issue before ultimately sustaining Appellee's objection and withdrawing the deemed admissions and instructing Mr. Carney to proceed with his case-in-chief. (2 RR 5-14)

Requests for admission are a tool intended to simplify trials. They may be used to elicit "statements of opinion or of fact or of the application of law to fact." Tex.R. Civ. P. 198.1. Requests for admission are useful in "addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents." *Wheeler*, 157 S.W.3d at 443. Mr. Carney's requests here, however, asked essentially that Dr. Ahmad admit to the validity of his claims and concede any defenses he may have asserted— matters Mr. Carney knew to be in dispute, having had his motion for summery judgment denied. Requests for admission were never intended for this purpose. *Stelly v. Papania*, 927 S.W .2d 620, 622 (Tex.1996) (per curiam) (quoting *Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex.1950) (stating that requests for admission were "never intended to be used

as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense")).

Generally, a party responding to requests for admissions must serve a written response on the requesting party within 30 days after service. Tex. R. Civ. P. 198.2(a). The response time may be modified by agreement or by the court for good cause. *Id.* 191.1. If the response is not served timely, however, the request is deemed admitted without the necessity of a court order. *Id.* 198.2(c). But a trial court may allow the withdrawal of a deemed admission upon a showing of (1) good cause and (2) no undue prejudice. *Id.* 198.3. Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. *Wheeler*, 157 S.W.3d at 442. Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. *Id.* at 443.

In the present case, Mr. Carney purported that he served Mr. White, Dr. Ahmad's prior counsel, with a Request for Admissions by facsimile and email on or about February 8, 2013, to which Ms. Fulton never responded. (2 RR 10:14-21). However, the record shows that Mr. Carney never filed with the court a Certificate of Written Discovery or anything that would put subsequent attorneys on notice that discovery had been promulgated in this case, and when Mr. Fulton appeared in the case March 6, 2013, nothing was served on him. Mr. Fulton's representation of Dr. Ahmad continued for the next 15 months, through final trial, and Mr. Carney never communicated to Mr. Fulton that discovery had been served or that he intended to rely on any deemed admissions until

filing with the court on the eve of trial correspondence that he intended to do so. (2 RR10:12-13; 2 RR 5:15-25).

The Court afforded Mr. Carney the opportunity to make a Bill, which he did. In that Bill, Mr. Carney read through each request for admission. (2 RR 14:14-23; 2 RR 15:5-25; 2 RR 16:1-25; 2 RR 17:1-25; 2 RR 18:1-25; 2 RR 19:1-25; 2 RR 20:1-25; 2 RR 21:1-25; 2 RR 22:1-25; 2 RR 23:1-14). It is Appellee's contention that had they been deemed, it would have been unfair and prejudicial to the client. Despite the fact that the requests were never served upon Mr. Fulton, or Dr. Ahmad himself, it appears from the record that the admissions in this case were intended to have Dr. Ahmad admit to the validity of Mr. Carney's claims and concede any defenses he may have asserted. Mr. Carney cannot simply eliminate a contest as to whether the fees were reasonably incurred by soliciting an admission by defendant that would waive any defense and force him to stipulate that because he merely because he contracted with Mr. Carney to provide services that all services provided by Mr. Carney were reasonable. That is ludicrous.

As to the claim by Mr. Carney that the Court did not have good cause to withdraw the deemed admissions, I believe the foregoing argument which shows that Mr. Fulton and Dr. Ahmad were not on notice of the propounded requests until the day of trial, evidences that the failure to answer was not intentional or the result of conscious indifference. Moreover, Mr. Carney was not hampered or in any way prejudiced in having to proceed to trial on the merits of his claim for attorney's fees. Regardless of the content of the deemed or withdrawn admissions, the dispositive issue for the Court was not whether there existed a contract between Mr. Carney and Dr. Ahmad, or whether the

hourly rate charged by Mr. Carney was reasonable, the crux of the case came down to whether Mr. Carney could show that the excess of fees he sought were reasonably and necessarily incurred.

In sum, the court did not abuse its discretion in withdrawing the deemed admissions because the court had good cause for doing so.

## PRAYER FOR RELIEF

Appellee, Dr. Ahmad, would respectfully request for the reasons herein, this court AFFIRM the trial court's judgment and deny all relief requested by Appellant, John H. Carney.

Respectfully Submitted,


 \s\ Melissa K. Swan
P. Micheal Schneider
State Bar No. 24042911
Melissa K. Swan
State Bar No. 24049979

Schneider Law Firm, P.C.
400 E. Weatherford St., Ste. 106
Fort Worth, TX 76102
Voice (817) 850-9955
Fax (817) 769-3797
melissa@clientdrivenlaw.com
*Attorneys for Appellee Ishfaq Ahmad*

## Certificate of Service

I hereby certify that the foregoing has been served on the person(s) named below by transmitting a true copy of same to such person(s) pursuant to the TEXAS RULES OF APPELLATE PROCEDURE on this date, December 11, 2015:

John H. Carney, Pro Se
John H. Carney & Associates
5005 Greenville Ave., Suite 200
Dallas, Texas 75206
Tel: (214) 368-8300
Fax: (214) 363-9979
johnhatchettcarney@gmail.com


_/s/Melissa K. Swan_____
P. Micheal Schneider
State Bar No. 24042911
Melissa K. Swan
State Bar No. 24049979


## Certificate of Compliance

I hereby certify that the foregoing document contains 3,879 words and complies with TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(2)(B).


_/s/Melissa K. Swan_____
P. Micheal Schneider
State Bar No. 24042911
Melissa K. Swan
State Bar No. 24049979

No. 07-15-00252-CV

IN THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS

\* \* \* \* \* \* \* \* \* \*

JOHN H. CARNEY & ASSOCIATES,

Appellant

V.

ISHFAQ AHMAD,

Appellee.

\* \* \* \* \* \* \* \* \* \*

From the 324th District Court of Tarrant County, Texas
The Honorable Judge Jerome Hennigan Presiding

# APPENDIX TO APPELLEE'S ORIGINAL BRIEF

Respectfully submitted,

P. Micheal Schneider
State Bar No. 24042911
Melissa K. Swan
State Bar No. 24049979

Schneider Law Firm, P.C.
400 E. Weatherford St., Ste. 106
Fort Worth, TX 76102
Voice (817) 850-9955
Fax (817) 769-3797
*Attorneys for Appellee Ishfaq Ahmad*

# Appendix –
# Tab A

324-538990-13

FILED
TARRANT COUNTY
2/26/2015 10:09:38 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. 324-538990-13

| | | |
|---|---|---|
| JOHN H. CARNEY & ASSOCIATES | * | IN THE DISTRICT COURT |
| | * | |
| V. | * | 324TH JUDICIAL DISTRICT |
| | * | |
| ISHFAQ AHMAD | * | TARRANT COUNTY, TEXAS |

## FINAL JUDGMENT

The above styled and numbered cause was called for trial on May 22, 2014.

Plaintiff, John H. Carney and Associates, appeared in person and by attorney of record and announced ready for trial. Defendant, Ishfaq Ahmad, appeared in person and by attorney of record and announced ready for trial.

No jury having been demanded by any party, all matters of fact and things in controversy were submitted to the Court. The Court, after listening to the evidence and arguments of counsel, is of the opinion that Plaintiff, John H. Carney and Associates, is not entitled to recover of Defendant, Ishfaq Ahmad, on any of Plaintiff's causes of action.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that Plaintiff, John H. Carney and Associates, take nothing of Defendant, Ishfaq Ahmad.

Costs of court expended or incurred in this cause are taxed against Plaintiff.

All other relief not specifically granted herein is hereby denied.

SIGNED this _11_ day of _March_, 2015

_____
Judge Presiding

FINAL JUDGMENT
PAGE 1

APPROVED AS TO FORM ONLY:

_____

Donald T. Fulton
227 North Sylvania Avenue
Fort Worth, TX 76111
SB # 07539400
Phone 817-870-1211
Fax 817-870-1225
Attorney for Defendant

_____

John H. Carney
5005 Greenville Ave, Suite 200
Dallas, Texas 75206
SB# 03832200
Phone 214-368-8300
Fax 214-363-9979
jcarney@johnhcarney.com
Attorney for Plaintiff

FINAL JUDGMENT
PAGE 2

# Appendix –
# Tab B

| JOHN H. CARNEY | § | IN THE DISTRICT COURT |
| | § | |
| VS | § | 324TH JUDICIAL DISTRICT |
| | § | |
| ISHFAQ AHMAD | § | TARRANT COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The plaintiff, John H. Carney ("Carney"), is licensed to practice law in the State of Texas.
2. Carney provided legal services to the defendant, Ishfaq Ahmad ("Ahmad").
3. Carney and Ahmad entered into an "Attorney-Client Agreement" authorizing Carney to render those services.
4. Those legal services were rendered in Cause No. 324-494783-11 styled In the Matter of the Marriage of Ishfaq Ahmad and Kalsoom Ahmad and in the Interest of ███, A███, A Child.
5. Carney's billing statements failed to include details as to the services he performed so as to allow the Court to determine the reasonableness and the necessity of his services.
6. Carney and his office manager, Dolph Haas, presented testimony as the services provided and the time billed for those services.
7. Carney presented exhibits in trial that were admitted as to those services rendered.
8. Carney's billing statements and the testimony of the witnesses were of so little detail as to be impossible for the Court to to determine the mature of the work provided for which he was billing Ahmad.
9. Carney's billing statements as well as the testimony of the witnesses were insufficient to determine whether those services were reasonable and necessary.
10. Carney was unable to explain to the court either in his direct testimony or under cross examination the nature of the work provided on each date that he billed Ahmad.
11. Carney was unable to adequately explain whether those services were reasonable and necessary.
12. Carney filed requests for admissions.
13. Ahmad did not respond to those requests.
14. The Court denied Carney's motion to deem those admissions.

### CONCLUSIONS OF LAW

1. The testimony presented by Carney and his office manager was insufficient for the court to determine the work performed to justify the fees he was requesting at trial.

1

2. The evidence presented by Carney was insufficient for the Court to determine the services he performed on behalf of Ahmad to justify the fees he was requesting.
3. The testimony and evidence presented by Carney was insufficient for the Court to determine the reasonableness of his services.
4. The testimony and evidence presented by Carney was insufficient for the Court to determine the necessity of his services
5. Good cause existed for not deeming Carneys' requests for admissions.

Signed this 18th day of May, 2015

JEROME S. HENNIGAN

2