**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00230-CV**
_____

**CHRIS ALBERS, Appellant**

**V.**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellee**

**On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 20-08-09819-CV**

**MEMORANDUM OPINION**

Appellant Chris Albers ("Appellant" or "Albers") sued Appellee State Farm Mutual Automobile Insurance Company ("Appellee" or "State Farm") for declaratory judgment. The parties entered into a settlement agreement just before trial. In an amended petition, Albers added a claim for breach of the settlement agreement, and he also filed a motion for summary judgment. The trial court granted Albers's summary judgment on his breach of contract claim, but the court did not

1

award Albers attorney's fees. In this appeal, Appellant argues that the trial court erred by failing to award him attorney's fees under section 38.001 of the Civil Practice and Remedies Code. We affirm as modified.

Background

The underlying lawsuit[1] began in August of 2020, when Albers filed his Original Petition against State Farm seeking declaratory judgment as to his right to underinsured motorist benefits under a policy with State Farm. Albers also sought attorney's fees under the Declaratory Judgments Act. According to the petition, Albers was injured when he was struck by Lauren Marshburn, who was insured by State Farm. Albers settled with Marshburn with State Farm's consent, but Albers's damages exceeded Marshburn's liability limit. State Farm asserted a general denial answer and asserted certain affirmative defenses. In his First Amended Petition, Albers added a bad faith claim against State Farm.

Just before trial, the parties told the trial court that they had reached a settlement agreement under which State Farm would pay Albers $32,500 in exchange for a release of all claims. Counsel for the parties told the trial court,

> [Counsel for State Farm]: Your Honor, we're coming now the parties, State Farm and Mr. Albers, through counsel, announcing that the claims and causes of action against Mr. Albers asserted in this cause have been settled. State Farm has agreed to pay and Mr. Albers has agreed to

---

[1] Because this appeal pertains only to the trial court's failure to award attorney's fees, we discuss the details of the underlying lawsuit only as necessary. *See* Tex. R. App. P. 47.1.

2

accept 32,500 [] in full settlement of its claims against State Farm. The only condition to the settlement is the parties need to confirm that the impasse payment previously made has not been cashed.

[Counsel for Albers]: And the plaintiffs agree that that is the settlement we have reached. We're good.

Albers filed a Supplemental and Amended Petition alleging that State Farm failed to comply with the terms of the Settlement Agreement and asserting a breach of contract claim against State Farm and a claim for attorney's fees under Chapter 38 of the Civil Practice and Remedies Code.

In March of 2023, Albers filed a Traditional Motion for Summary Judgment. Therein, Albers alleged that the parties had reached a settlement agreement in open court on September 6, 2022, under which Albers would provide a release to State Farm contingent upon the receipt of a $32,500 payment to Albers from State Farm and that State Farm did not pay as agreed. Albers stated in the motion that State Farm had indicated it required confirmation that a previously-issued "impasse" check had not been cashed. According to Albers' motion, State Farm had issued the check for the "impasse payment" of $2,090.92 made payable to "Christopher Albers & David Kallus Attorney at Law, His Attorney." However, the check was actually delivered to State Farm's original attorneys, Sheehy, Ware, Pappas & Grubbs ("Sheehy Ware") and was inadvertently cashed. When the misrouted check was discovered, Sheehy Ware issued a check from its IOLTA account to Brenton Stanfield, Albers's

attorney at the time. Mr. Stanfield held the check, as it was made payable to Albers and David Kallus.

According to Albers, even after issues related to the issuance of the impasse payment were resolved, State Farm refused to make the settlement payment to Albers. Albers alleged the settlement agreement is enforceable under Rule 11, and "the only [c]ondition placed on this settlement was confirmation that the Impasse Payment Check had not been cashed by Mr. Albers or his counsel." Albers also argued he provided State Farm with a full and final release and indemnity agreement contingent upon receipt of the $32,500 payment. Albers attached to the motion a copy of a letter dated October 13, 2022, from Albers's attorney—Brenton Stanfield—to counsel for State Farm stating that Albers fully performed his obligation under the settlement agreement and State Farm failed to comply. The letter further stated that it constituted presentment of Albers's claim under Chapter 38. The motion for summary judgment requested damages in the amount of $32,500 and attorney's fees under Chapter 38.

Albers's motion requested that the trial court award him reasonable and necessary attorney's fees of $8,802.50 that he incurred in prosecuting the lawsuit, and a copy of an "Attorney Fees Statement for Albers v. State Farm" was attached to the motion. Albers also attached to the motion an Unsworn Declaration of Brenton M. Stanfield—Albers's attorney at the time—in which Stanfield states that he had

4

worked 25.15 hours prosecuting the lawsuit on behalf of Albers, at an hourly rate of $350 an hour and that "Mr. Albers ought to recover the reasonable attorney's fees and costs requested herein, in the amount of $8,802.50 pursuant to Texas Civil Practice[] and Remedies Code § 38.001 and the contract between the parties." Stanfield also states that he anticipated that Albers would incur at least $975 in reasonable and necessary attorney's fees replying to State Farm's response and $650 if a hearing was required. Stanfield's declaration also states that he retained the "Impasse Payment Check" in his files and did not cash the check.

In the response to the motion for summary judgment, State Farm asserted that although the parties announced a settlement in court on September 6, 2022, the parties have disagreed about language of the release agreement and the full terms of the settlement and release "remain undefined and unagreed[.]" State Farm noted in its response that Albers had signed a release agreement prepared by his own attorney and that he had not signed a release prepared by State Farm. State Farm did not challenge the reasonableness or necessity of the amount of the attorney's fees in its response to the motion for summary judgment.

Albers filed a reply to State Farm's response asserting as "indisputable" that Albers and State Farm entered an enforceable settlement agreement in court and on the record on September 6, 2022, and that State Farm had not paid Albers $32,500 as agreed.

On June 15, 2023, the trial court signed an Order Granting Plaintiff Chris Albers's Motion for Summary Judgment on his breach of contract claim, ordering that Albers recover $32,500 from State Farm along with pre- and post-judgment interest. The order included the following findings:

> The Court Finds that the uncontroverted facts demonstrate the following:
>
> 1. Mr. Albers's filed suit against State Farm on August 17, 2020, seeking a declaratory judgment awarding him underinsured motorist ("UIM") benefits against his automobile insurer, State Farm.
> 2. The case was called to trial on September 6, 2022, and Mr. Albers and State Farm appeared in open court in the 284th Judicial District, before the Honorable Suzanne Stovall, and announced a settlement of Mr. Albers'[s] claims against State Farm in this case (Cause No. 20-08-09819) on the record.
> 3. State Farm agreed to settle this case by paying to Mr. Albers the sum of $32,500.00 ("Settlement Payment") as a full and final settlement of all claims ("Settlement Agreement").
> 4. Mr. Albers has complied with all of his obligations under the Settlement Agreement.
> 5. State Farm failed to provide the Settlement Payment as agreed and is in breach of the Settlement Agreement.
> 6. Mr. Albers has suffered damages in the amount of $32,500.00 as a result of State Farm's breach.
> 7. On October 13, 2022, Mr. Albers sent a formal demand letter to State Farm demanding immediate payment of the Settlement Payment and making formal presentment under Chapter 38 of the Texas Civil Practice and Remedies Code.
> 8. However, State Farm has refused and failed to pay the Settlement Payment.
> 9. Mr. Albers has incurred $8,802.50 in reasonable and necessary attorney fees prosecuting his lawsuit to enforce the settlement agreement and an additional $975.00 in reasonable and necessary attorney fees replying to State Farm's response to Mr. Albers['s] motion for summary judgment.

In the decretal part of the Order the trial court ordered that Albers have summary judgment against State Farm, recover $32,500 in actual damages, but manually struck out the paragraph awarding attorney's fees of $9,777.50.

During the trial, Albers's initial attorney, David Kallus, filed a petition in intervention. The essence of his claim is that he was damaged because State Farm sent the IRS a "false and fraudulent" 1099-Misc. tax form for the misrouted "impasse payment" check. After the court granted summary judgment for Albers, it denied summary judgment for Kallus. Albers filed a Motion to Sever, arguing that Kallus's claims can be tried in a separate action. The trial court granted Albers's motion, severed Kallus's claims against State Farm into a separate cause number and granted the severance on August 8, 2023. In the severance order, the trial court incorporated the Order Granting Albers's summary judgment and rendered a final judgment disposing of all claims between Albers and State Farm. Albers timely appealed.

Issue and Summary of Arguments on Appeal

In a single issue, Appellant argues that the trial court erred and abused its discretion by failing to award him $9,777.50 in attorney's fees. Appellant contends that the evidence established, and the trial court found, that proper presentment was made, and that the attorney's fees were incurred and reasonable and necessary. According to Appellant, the trial court abused its discretion in failing to award the fees.

7

Appellee argues that the trial court did not abuse its discretion in declining to award any attorney's fees and that there was no finding that the fees were reasonable and necessary. Appellee argues that "the fees sought relate to an unrelated and collateral complaint by Intervenor David [] Kallus[.]" Appellee also asks in the alternative that the court of appeals remand the case to the trial court for further determination of the amount to be awarded in attorney's fees.

Standard of Review and Applicable Law

We review grants of summary judgment de novo. *Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72 (Tex. 2023); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review we take as true all evidence favorable to the non-movant, indulging every reasonable inference in favor of the non-movant, and resolving any doubts in the non-movant's favor. *See Helena Chem. Co.*, 664 S.W.3d at 73; *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Ordinarily, findings of fact and conclusions of law have no place in a summary judgment proceeding because, for summary judgment to be rendered, there cannot be a genuine issue as to any material fact, and the legal grounds are limited to those stated in the motion and response. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c).

8

Therefore, the non-movant must expressly present in writing any reasons or arguments why the movant is not entitled to summary judgment. *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Whether a party may recover attorney's fees under a particular statute is a question of law that we review de novo. *See Tex. Dept. of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002) ("We review legal questions *de novo*."); *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam) (availability of attorney's fees under a statute is a question of law). The amount of attorney's fees awarded by a trial court is reviewed under an abuse of discretion standard. *See Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). Section 38.001 of the Texas Civil Practice and Remedies Code states that a person "may" recover reasonable attorney's fees and costs on a valid claim based on an oral or written contract. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(b)(8). To recover attorney's fees under this provision, a party must prevail on his underlying contract claim, and he must recover damages or other affirmative relief. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 824-25 (Tex. 2024) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 654 (Tex. 2009)); *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015).

"A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally." *See Austin Tr. Co. as Tr. of Bob & Elizabeth Lanier Descendants Trs. for Robert Clayton Lanier, Jr. v. Houren*, 664 S.W.3d 35, 42 (Tex. 2023) (citing *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990)). A Rule 11 agreement made in open court and entered of record is enforceable provided the contract terms that are "material and essential" to the parties' agreement are certain. *Moore v. Patriot Security Inc.*, No. 09-16-00182-CV, 2018 Tex. App. LEXIS 1760, at *15 (Tex. App.—Beaumont Mar. 8, 2018, pet. denied) (mem. op.) (citing Tex. R. Civ. P. 11; *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016)). A settlement agreement may still be enforceable even if some of the terms remain to be negotiated. *See id.* at *16; *see also Scott v. Ingle Bros. Pac., Inc.*, 489 S.W.2d 554, 555 (Tex. 1972) ("[P]arties may agree upon some of the terms of a contract, and understand them to be an agreement, and yet leave other portions of an agreement to be made later.").

As a general rule, the party seeking to recover attorney's fees carries the burden of proof to show its entitlement to attorney's fees under section 38.001. *See Note Inv. Grp., Inc. v. Assocs. First Capital Corp.*, 476 S.W.3d 463, 483 (Tex. App.—Beaumont 2015, no pet.) (citing *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009)). Generally, when fee-shifting is authorized by statute or contract, the party seeking the fee award must prove that the requested attorney's

10

fees are reasonable and necessary. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). However, when a claim for attorney's fees is based on Chapter 38, it is presumed that the usual and customary attorney's fees are reasonable, although that presumption may be rebutted. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.003. "[A]n award of attorney's fees is mandatory when a statute provides that a party who prevails on its claim or meets other specified requirements 'may recover,' 'shall be awarded,' or 'is entitled to' fees." *Sealy Emergency Room, L.L.C.*, 685 S.W.3d at 825 (citing *Bocquet*, 972 S.W.2d at 20). Generally, when a statute requires the trial court to award attorney's fees to the prevailing party, "the trial court has no discretion to deny attorney's fees when presented with evidence of the same." *Ventling*, 466 S.W.3d at 154 (citing *Bocquet*, 972 S.W.2d at 20). Because this case was decided on summary judgment, Albers was entitled to his attorney's fees only if his summary judgment evidence conclusively established the amount of the fees. *See McMahan v. Izen*, No. 01-20-00233-CV, 2021 Tex. App. LEXIS 7339, at **29-30 (Tex. App.—Houston [1st Dist.] Sept. 2, 2021, pet. denied) (mem. op.) (citing *Cossio v. Delgado*, No. 01-17-00704-CV, 2018 Tex. App. LEXIS 4828, at *6 (Tex. App.—Houston [1st Dist.] June 28, 2018, no pet.) (mem. op.)).

When a movant includes a request for attorney's fees in his summary judgment motion, an attached affidavit or unsworn declaration made in compliance

with applicable law is testimony that may be considered proof of the attorney's fees incurred. *J.R. Richard Enters. v. Niz*, No. 01-20-00124-CV, 2020 Tex. App. LEXIS 9993, at \*9 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet.) (mem. op.) (citing *Petrello v. Prucka*, 415 S.W.3d 420, 431 (Tex. App.—Houston [1st Dist.] 2013, no pet.)); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a). Even if the testimony comes from an interested witness, the movant establishes the amount of attorney's fees as a matter of law when the testimony is clear, direct, positive, not contradicted by any other witness or attendant circumstances, and could have been easily controverted by the non-movant. *See Smith*, 296 S.W.3d at 547 (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990)). To create a fact issue, the non-movant must file a counter-affidavit contesting the reasonableness of the movant's attorney's fee claim. *Petrello*, 415 S.W.3d at 431 (citing Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b)). Unless a controverting affidavit is filed, an affidavit (or in this case a compliant unsworn declaration) as to the amount of attorney's fees is presumed reasonable. *Hunsucker v. Fustok*, 238 S.W.3d 421, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b). A trial court abuses its discretion in denying attorney's fees when the movant files an affidavit for fees and the non-movant does not create a fact issue as to the attorney's fees. *See Hunsucker*, 238 S.W.3d at 432 (citing *Ragsdale*, 801 S.W.2d at 882).

In reviewing the sufficiency of the attorney-fee evidence in this case, the lodestar analysis applies. *See Rohrmoos Venture*, 578 S.W.3d at 497-98. The starting point for calculating an award of attorney's fees is "determining the reasonable hours worked multiplied by a reasonable hourly rate," and the party seeking recovery of attorney's fees bears the burden of providing sufficient evidence on both counts. *Id.* at 498; *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (stating that first step of lodestar analysis involves determining reasonable hours spent by counsel and reasonable hourly rate, then multiplying number of hours by rate to get base lodestar and that second step of analysis involves adjusting base amount up or down "if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case[]"). "This base lodestar figure should approximate the reasonable value of legal services provided in prosecuting or defending the prevailing party's claim through the litigation process." *Rohrmoos Venture*, 578 S.W.3d at 498. "[T]here is a presumption that the base lodestar calculation, when supported by sufficient evidence, reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party." *Id.* at 499.

"Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such

services." *Id.* at 502. Obtaining such evidence requires "itemizing specific tasks[]" and "the time required for those tasks[.]" *Id.* at 495 (quoting *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013) (per curiam)). In addition, a claimant seeking recovery of attorney's fees bears the burden to plead and prove presentment. *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983) (op. on reh'g).

Analysis

Albers prevailed on his motion for summary judgment against State Farm, thus satisfying the requirement that he prevail on his underlying contract claim to recover attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(b)(8); *Sealy Emergency Room, L.L.C.*, 685 S.W.3d at 824-25. Therefore, if the record includes sufficient evidence of presentment and of reasonable and necessary attorney's fees, "the trial court has no discretion to deny attorney's fees when presented with evidence of the same." *Ventling*, 466 S.W.3d at 154. A movant is entitled to his attorney's fees if his summary judgment evidence conclusively established the amount of his fees. *See McMahan*, 2021 Tex. App. LEXIS 7339, at **29-30.

In his declaration, Stanfield (Albers's attorney) stated that he is licensed to practice law in Texas, that he had practiced civil litigation in Montgomery and Harris Counties since 2006, and that he had the experience, training, and specialized knowledge necessary to establish and provide expert testimony regarding reasonable and necessary attorney fees in cases like this one. Stanfield stated that attached to

14

his declaration was a record of the time he spent on this case and attorney fee records. Stanfield attached an "Attorney Fees Statement for Albers v. State Farm." The statement contains the date, a description of work performed, time worked, the hourly rate, and a total amount billed for dates ranging from October 13, 2022 through March 3, 2023. In his declaration, Stanfield represented that he performed the work itemized on the statement. This generally corresponds to the requirements outlined in *Rohrmoos Venture*. *See* 578 S.W.3d at 502. In addition, the record includes a letter dated October 13, 2022, from Albers's attorney to State Farm stating, in relevant part, "[t]his correspondence constitutes presentment of [Albers's] claim pursuant to Chapter 38." *See Ellis*, 656 S.W.2d at 905.

As we explained earlier, under section 38.003 of the Civil Practice and Remedies Code, it is presumed that the usual and customary attorney's fees are reasonable, although that presumption may be rebutted. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.003. State Farm did not offer any evidence to rebut Albers representation that the fees listed in the "Attorney Fees Statement for Albers v. State Farm" were usual and customary. In its response to the motion for summary judgment, State Farm did not challenge the amount of the attorney's fees or make any argument that the fees did not relate to Albers's claim. Therefore, the presumption in sections 18.001 and 38.003 applied. *See id*. §§ 18.001, 38.003.

15

Although Appellee State Farm suggests on appeal that some of the work represented on the Attorney Fees Statement relates to "an unrelated and collateral complaint by Intervenor" David Kallus, we find this argument is not supported by the record. First, State Farm failed to make this argument in the trial court in its response to the motion for summary judgment. *See Clear Creek Basin Auth.*, 589 S.W.2d at 677-78. Second, there is no indication in the record that Mr. Stanfield represented David Kallus either as attorney for Kallus on Kallus's Petition in Intervention or in Kallus's separately filed Motion for Summary Judgment. Each of those documents reflect that Kallus represented himself in the Intervention and on Kallus's motion. Third, we note that although the billing statement attached by Stanfield to the motion for summary judgment references a 1099-MISC, the record shows that State Farm also mistakenly sent Albers a 1099-MISC, and Stanfield made a demand on State Farm to retract the 1099-MISC that was sent to Albers. Therefore, we find State Farm's argument unavailing.

State Farm failed to raise a material fact issue in the trial court as to the reasonableness or necessity of the fees set forth in Stanfield's declaration, and it failed to file an affidavit or declaration controverting Stanfield's declaration. *See J.R. Richard Enters.*, 2020 Tex. App. LEXIS 9993, at *11 (citing *Petrello*, 415 S.W.3d at 431). The amount Albers requested for attorney's fees was clear, direct,

16

positive, and could have been readily controverted if the amount was not reasonable. *See Ragsdale*, 801 S.W.2d at 882.

We conclude from the record before us that Albers prevailed on his breach of contract claim against State Farm, there was uncontroverted evidence of presentment of the claim under Chapter 38, State Farm did not challenge the amount, reasonableness, or necessity of the fees presented, and the trial court erred in denying a recovery of attorney's fees. *See Ventling*, 466 S.W.3d at 154. Using the lodestar method, Stanfield's unchallenged declaration and itemized billing record conclusively established his attorney's fees for prosecuting this suit in the trial court. *See McMahan*, 2021 Tex. App. LEXIS 7339, at *33; *J.R. Richard Enters.*, 2020 Tex. App. LEXIS 9993, at *11. We conclude that the trial court abused its discretion in awarding *no* attorney's fees in the face of uncontroverted evidence of the fees incurred. *See McMahan*, 2021 Tex. App. LEXIS 7339, at *33; *J.R. Richard Enters.*, 2020 Tex. App. LEXIS 9993, at *11; *Hunsucker*, 238 S.W.3d at 432 (holding trial court abused its discretion in awarding no attorney's fees where uncontroverted affidavit established reasonableness of fees). Therefore, we sustain Albers's sole issue, and we modify the trial court's judgment in accordance with the uncontested

evidence to add $9,777.50 for attorney's fees.[2] *See J.R. Richard Enters.*, 2020 Tex.

App. LEXIS 9993, at *11.

AFFIRMED AS MODIFIED.

LEANNE JOHNSON
Justice

Submitted on December 20, 2023
Opinion Delivered July 18, 2024

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] The Stanfield declaration stated that $8,802.50 had been incurred at the time he filed his motion for summary judgment, and another $975 would be incurred to reply to a response by State Farm, for a total of $9,777.50.